UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIONELL J. DAVIS                                    CIVIL ACTION

VERSUS                                             NO. 08-4175

ROBERT TANNER, WARDEN                              SECTION "F"(4)

REPORT AND RECOMMENDATION

        This matter was referred to a United States Magistrate Judge to conduct hearings, including

an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant

to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section

2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be

disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

I.      **Factual Background**

        The petitioner, Lionell J. Davis ("Davis") a/k/a Lionell Bailey, is a convicted inmate

incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  On June 10,

---

        [1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the
claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could
not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and
convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

        [2]Rec. Doc. No. 1.

1986, Davis was charged by bill of information in Orleans Parish Criminal Case No. 314-427 with the armed robbery of Altonette Landrum and the armed robbery of Leonard Harris.[3]

The record reflects that, on March 29, 1986, Landrum and Harris were waiting for the bus at the intersection of Broadway Avenue and Fountainbleau Drive in New Orleans.[4]  Three young men were walking toward the location, and two of the men crossed the street and stopped at the bus stop.  When the traffic cleared, one of the men, later identified as Davis, pointed a gun at Harris and said "give it up."  The third man arrived at the scene.  Harris handed over his gold chain, watch, medallion, and wallet, a total value of about $500.00.  Landrum's chains were pulled from her neck and other jewelry was taken as well.  The perpetrators then fled down Broadway towards Claiborne Avenue.  Based on the descriptions given to the police, Davis was identified by Landrum's sister who knew him from her church.  Both victims identified Davis in separate photographic line-up.

On June 17, 1986, Davis was arraigned and pled not guilty to the charges.[5]  Davis was tried before a jury on April 6, 1987, and was found guilty of the first degree robbery of Landrum and simple robbery on Harris.[6]

---

[3]St. Rec. Vol. 1 of 6, Bill of Information, 6/10/86.  The bill was amended on January 28, 1987, to correct the name of the first victim from Altonette Harris to Altonette Landrum.  *Id*., handwritten amendment; St. Rec. Vol. 1 of 6, Minute Entry, 1/28/87.

[4]The facts of the case were taken from the unpublished opinion of the Louisiana Fourth Circuit Court of Appeal. St. Rec. Vol. 4 of 6, 4th Cir. Opinion, 88-KA-0120, 12/29/88.

[5]St. Rec. Vol. 1 of 6, Minute Entry, 6/17/86.

[6]St. Rec. Vol. 1 of 6, Trial Minutes, 4/6/87; St. Rec. Vol. 4 of 6, Trial Transcript, 4/6/87.

The Trial Court sentenced Davis on April 14, 1987, to serve 20 years in prison, without benefit of parole, probation, or suspension of sentence for the first degree robbery and to serve five years concurrently for the simple robbery.[7]

On direct appeal, Davis's appointed counsel requested that the Court conduct a review of the record for errors patent.[8]  The Louisiana Fourth Circuit Court of Appeal affirmed Davis's conviction on December 29, 1988, finding no errors for review.[9]  Davis did not seek rehearing or apply for timely review of this order in the Louisiana Supreme Court.

## II.    Procedural History

On February 4, 1989, Davis submitted a writ application to the Louisiana Supreme Court requesting a mandamus order to have the Louisiana Fourth Circuit consider a pro se memorandum in connection with his direct appeal.[10]  On March 3, 1989,  the Louisiana Supreme Court granted the application for the sole purpose of transferring it to the Trial Court to treat as an application for post-conviction relief, because Davis's appeal was already final.[11]  The Court entered two additional orders directing the Trial Court to rule on Davis's transferred application.[12]

---

[7]St. Rec. Vol. 1 of 6, Sentencing Minutes, 4/14/87.

[8]St. Rec. Vol. 4 of 6, Appeal Brief, 88-KA-0120, 5/31/88.

[9]St. Rec. Vol. 4 of 6, 4th Cir. Opinion, 88-KA-0120, 12/29/88; *State v. Davis*, 536 So.2d 846 (La. App. 4th Cir. 1988) (Table); *see also*, Per Curiam, 11/14/88, referenced in appellate court's order.

[10]St. Rec. Vol. 4 of 6, La. S. Ct. Writ Application, 89-KH-0298, 2/6/89 (dated 2/4/89); La. S. Ct. Letter, 89-KH-0298, 2/6/89.

[11]*State v. Davis*, 538 So.2d 607 (La. 1989); St. Rec. Vol. 4 of 6, La. S. Ct. Order, 3/3/89.

[12]St. Rec. Vol. 4 of 6, La. S. Ct. Official Request, 89-KH-0298, 4/5/89; *State v. Davis*, 543 So.2d 12 (La. 1989); La. S. Ct. Order, 89-KH-0298, 5/19/89; and *see*, *State v. Davis*, 604 So.2d 961 (La. 1992); St. Rec. Vol. 3 of 6, La. S. Ct. Order, 89-KH-0298, 9/18/92 (issued over three years after the Trial Court ruled).

3

On April 3, 1989, Davis submitted to the Trial Court a supplement to the transferred application in which he reiterated his grounds for relief: (1) he was denied compulsory process; (2) ineffective assistance of counsel at trial; and (3) he was denied the right to be free from self-incrimination.[13]  The Trial Court denied relief by judgment issued May 10, 1989.[14]

In the meantime, on April 17, 1989, Davis submitted a writ application to the Louisiana Fourth Circuit seeking review of his post-conviction claims and complaining that the Trial Court had not yet ruled.[15]  The Court denied the Application on May 12, 1989, because Davis had not allowed the Trial Court sufficient time to rule.[16]

On June 28, 1989, Davis submitted another writ application with the Louisiana Fourth Circuit seeking review of the denial of relief on his post-conviction claims.[17]  He submitted another writ application addressing the post-conviction claims on July 15, 1989.[18]  The Louisiana Fourth Circuit denied both applications on August 31, 1989.[19]

On May 15, 1990, Davis submitted a second application for post-conviction relief in which he alleged the following grounds for relief:[20] (1) the verdict was contrary to the law and evidence;

---

[13]St. Rec. Vol. 4 of 6, Supplemental Application for Writ of Habeas Corpus, 4/4/89 (dated 4/3/89).

[14]St. Rec. Vol. 4 of 6, Trial Court Judgment, 5/10/89.

[15]St. Rec. Vol. 6 of 6, 4th Cir. Writ Application, 89-K-0730, 4/20/89 (dated 4/17/89).

[16] St. Rec. Vol. 6 of 6, 4th Cir. Order, 89-K-0730, 5/12/89.

[17]St. Rec. Vol. 6 of 6, 4th Cir. Writ Application, 89-K-1269, 6/30/89 (dated 6/28/89).

[18]St. Rec. Vol. 6 of 6, 4th Cir. Writ Application, 89-K-1341, 7/17/89 (dated 7/15/89).

[19]St. Rec. Vol. 6 of 6, 4th Cir. Order, 89-K-1269 c/w 89-K-1341, 8/31/89.

[20]St. Rec. Vol. 4 of 6, Uniform Application for Post-Conviction Relief, 5/16/90 (dated 5/15/90); Memo in Support of Application for Post-Conviction Relief, 5/16/90.

4

and (2) ineffective assistance of counsel.  The Trial Court denied relief on June 13, 1990, finding the claims to be without merit.[21]

Davis submitted a writ application to the Louisiana Fourth Circuit seeking review of this order.[22]  The Court denied the application on September 14, 1990, finding no error in the trial court's ruling.[23]  Davis also sought review with the Louisiana Supreme Court, which was denied on June 28, 1991.[24]

Davis also returned to the Louisiana Supreme Court on August 4, 1992, with a motion to enforce the Court's prior order directing the Trial Court to rule on his first application for post-conviction writ submitted in 1989.[25]  The Court referred the matter to the Trial Court for consideration.[26]

In the meantime, the Trial Court addressed the same motion and resolved that it had already addressed Davis's claims.[27]  Shortly thereafter, the Trial Court granted Davis's request for a new appeal in this case to raise issues other than errors patent raised by his prior counsel.[28]

---

[21]St. Rec. Vol. 4 of 6, Trial Court Judgment, 6/13/90.

[22]St. Rec. Vol. 6 of 6, 4th Cir. Writ Application, 90-K-1066, 6/18/90 (dated 6/15/90).

[23]St. Rec. Vol. 6 of 6, 4th Cir. Order, 90-K-1066, 9/14/90.

[24]*State v. Davis*, 582 So.2d 862 (La. 1991); St. Rec. Vol. 3 of 6, La. S. Ct. Order, 90-KH-2088, 6/28/91; La. S. Ct. Letter, 90-KH-2088, 9/24/90; St. Rec. Vol. 5 of 6, La. S. Ct. Writ Application, 90-KH-2088, 9/24/90 (dated 9/20/94).

[25]St. Rec. Vol. 3 of 6, Motion to Enforce, 89-KH-0298, 8/6/92.

[26]*State v. Davis*, 604 So.2d 961 (La. 1992); St. Rec. Vol. 3 of 6, La. S. Ct. Order, 89-KH-0298, 9/18/92.

[27]St. Rec. Vol. 3 of 6, Trial Court Judgment, 9/2/92.

[28]St. Rec. Vol. 3 of 6, Trial Court Judgment, 10/6/92.

In the new appeal, Davis's counsel alleged that the evidence was insufficient to sustain a conviction of first degree robbery.[29]  Davis also raised pro se three issues for review:[30] (1) he was convicted on an impermissibly suggestive identification procedure; (2) insufficient evidence to convict; and (3) the reasonable doubt instruction was constitutionally deficient.[31]  On October 27, 1994, the Louisiana Fourth Circuit again affirmed Davis's convictions finding no merit to his first two claims and finding the challenge to the jury charge waived for lack of a contemporaneous objection at trial.[32]

Davis's writ application to the Louisiana Supreme Court was denied without stated reasons on May 19, 1995.[33]  The Court also denied Davis's request for reconsideration on June 30, 1995.[34]

In a writ application addressed to the Louisiana Fourth Circuit on October 17, 1996, Davis claimed to have submitted an application for post-conviction relief to the Trial Court on July 12, 1996, for which he received no ruling.[35]  The appellate court transferred the July 12, 1996, application and a supplement dated September 16, 1996, to the Trial Court for prompt ruling.[36]  The

---

[29]St. Rec. Vol. 4 of 6, Appeal Brief, 93-KA-1254, 1/31/94.

[30]St. Rec. Vol. 4 of 6, Pro Se Appeal Brief, 93-KA-1254, 1/31/94.

[31]While the second appeal was pending, on December 22, 1992, Davis submitted another application for post-conviction relief in the Trial Court alleging ineffective assistance of counsel in his first appeal.  St. Rec. Vol. 3 of 6, Uniform Application for Post-Conviction Relief, 1/4/93 (dated 12/22/92).  The resolution of this matter is not apparent from the record, except to note that it was filed while the appeal was pending.

[32]*State v. Davis*, 644 So.2d 1166 (La. App. 4th Cir. 1994); St. Rec. Vol. 4 of 6, 4th Cir. Opinion, 93-KA-1254, 10/24/94.

[33]*State v. Davis*, 654 So.2d 1353 (La. 1995); St. Rec. Vol. 4 of 6, La. S. Ct. Order, 95-KO-0137, 5/19/95; La. S. Ct. Letter, 95-KO-0137, 1/17/95.  The state court record does not contain a copy of this writ application.  The State does not allege or establish that this writ application was not timely filed.

[34]*State v. Davis*, 657 So.2d 1015 (La. 1995); St. Rec. 4 of 6, La. S. Ct. Order, 95-KO-0137, 6/30/95.

[35]St. Rec. Vol. 6 of 6, 4th Cir. Writ Application, 96-K-2249, 10/17/96; *see* attached Application for Post Conviction Relief, dated 7/12/96.

[36]St. Rec. Vol. 6 of 6, 4th Cir. Order, 96-K-2249, 12/3/96.

Trial Court denied relief finding that Davis had received effective assistance of counsel throughout his criminal proceedings.[37]

The Louisiana Fourth Circuit denied his subsequent writ application finding no error in the Trial Court's ruling.[38]   The Louisiana Supreme Court also denied his application without stated reasons on January 9, 1998.[39]

In another writ application addressed to the Louisiana Fourth Circuit on March 18, 1999, Davis alleged that he had submitted an application for post-conviction relief to the Trial Court on January 12, 1999, for which he received no ruling.[40]   The appellate court denied the application on May 11, 1999, because the claim was addressed on appeal and he was not entitled to further review.[41]   The Louisiana Supreme Court also denied Davis's related writ application without stated reasons on June 16, 2000.[42]

In a writ application addressed to the Louisiana Fourth Circuit on May 7, 2008, Davis claimed to have submitted a motion for copies of his trial transcript to the state trial court which he needed to establish that the reasonable doubt charge was improper.[43]   He claimed that the Trial Court erred in denying the motion on the basis that any related application for post-conviction relief would

---

[37]St. Rec. Vol. 1 of 6, Trial Court Judgment, 2/27/97.

[38]St. Rec. Vol. 1 of 6, 4th Cir. Order, 97-K-0473, 5/7/97.  The writ application is not contained in the state court record provided by the State.

[39]*State ex rel. Davis v. State*, 705 So.2d 1093 (La. 1998).  Neither the writ application nor a copy of this order are part of the state court record provided by the State.

[40]St. Rec. Vol. 6 of 6, 4th Cir. Writ Application, 99-K-0684, p. 1, 3/18/99; *see* attached Application for Post Conviction Relief, 1/11/99.

[41]St. Rec. Vol. 6 of 6, 4th Cir. Order, 99-K-0684, 5/11/99.

[42]*State ex rel. Davis v. State*, 764 So.2d 958 (La. 2000); St. Rec. Vol. 5 of 6, La. S. Ct. Writ Application, 99-KH-3371, 12/3/99. The state court record does not contain a copy of the Court's order.

[43]St. Rec. Vol. 6 of 6, 4th Cir. Writ Application, 2008-K-0522, 4/28/08 (dated 4/23/08).

be untimely pursuant La. Code Crim. P. art. 930.8.  The appellate court denied the application on

May 7, 2008, finding no error in the Trial Court's ruling that the motion for transcripts was

untimely.[44]  The Court also noted that Davis's challenge to the jury charge would be repetitive and

barred by La. Code Crim. P. art. 930.4.  The Louisiana Supreme Court also denied relief on February

13, 2009, citing *State ex rel. Fluery v. State*, 661 So.2d 488 (La. 1995).[45]

## III.   <u>Current Federal Petition</u>

On July 25, 2008, the clerk of the United States District Court for the Middle District of

Louisiana filed Davis's petition for federal habeas corpus relief, in which he raised two grounds for

relief:[46] (1) the sentences violate double jeopardy; and (2) he was denied due process at his

disciplinary hearing.  In his supplemental memorandum, Davis alleges that he was released on

parole based on good-time credits after serving fifteen and one-half years.[47]  He was apparently

returned to prison after violation of the terms of that parole.  He contends that he submitted a writ

application to the Louisiana Supreme Court in 2008 seeking his release, but he had not received a

response at the time of the filing of this petition.

The State filed a response in opposition to Davis's petition arguing that the petition is not

timely filed and the petition is a prohibited second or successive petition.[48]  The Court finds that the

---

[44]St. Rec. Vol. 6 of 6, 4th Cir. Order, 2008-K-0522, 5/7/08.

[45]*State ex rel. Davis v. State*, 999 So.2d 1141 (La. 2009).  In *State ex rel. Fluery*, the Louisiana Supreme Court held that a request for documents must be denied where the limitations period under La. Code Crim. P. art. 930.8 has expired and the defendant failed to establish that he fell under one of its exceptions.

[46]Rec. Doc. No. 1; *see also*, Rec. Doc. Nos. 6, 7.

[47]Rec. Doc. No. 9.

[48]Rec. Doc. No. 18.

petition is a prohibited second or successive petition and it is otherwise not timely filed and may be dismissed for either reason.

## IV.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[49] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on July 18, 2008.[50]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  The State in this case argues that Davis's federal petition is prohibited and is otherwise not timely filed.

## V.     Prohibited Second or Successive Petition

The State alleges that Davis's petition is a prohibited second or successive petition.  Title 28 U.S.C. §§ 2244(b)(1) and (2) provide for the dismissal of any new or previously raised claim presented in a second or successive § 2254 petition.  The Fifth Circuit has consistently held that an

---

[49]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[50]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of the Middle District filed Davis's federal habeas petition on July 25, 2008.  Davis signed the petition on July 18, 2008.  This is the earliest date on which he could have delivered the packet of papers to prison officials for mailing.  The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition.  *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

adjudication <u>on the merits</u> is necessary before a subsequent petition is considered "second or successive." *See Barrientes v. Johnson*, 221 F.3d 741 (5th Cir. 2000) (when prior petition is dismissed without prejudice, subsequent filing is not successive) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000) (subsequent filing not successive when prior filing was dismissed without prejudice)), *cert. dism.*, 531 U.S. 1134 (2001); *Graham v. Johnson*, 168 F.3d 762 (5th Cir. 1999) ("Under current law, however, it is clear that an application <u>filed after a previous application was fully adjudicated on the merits</u> is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." (emphasis added)), *cert. denied*, 529 U.S. 1097 (2000). However, the Fifth Circuit also has made clear that under AEDPA, "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

This Court has addressed three prior petitions from Davis. The records of this Court reflect that Davis filed his first federal petition for habeas corpus relief, Civ. Action No. 88-510"J"(4), on February 9, 1988, while his first appeal was pending.[51] The Court dismissed the petition without prejudice on February 22, 1988, for failure to exhaust state court remedies.

Davis filed a second federal petition on September 4, 1991, in the United States District Court for the Middle District of Louisiana in which he raised claims of insufficient evidence and ineffective assistance of counsel.[52] The case was transferred to this Court as Civ. Action No. 91-3268"J"(4). The Court denied the application on March 17, 1992, and both this Court and the

---

[51]Civ. Action No. 88-510"J"(4), Rec. Doc. Nos. 2, 3.

[52]The claims are outlined in the copy of that pleading found in the state court record at volume 2 of 6.

United States Fifth Circuit Court of Appeals denied Davis's request for issuance of a certificate of probable cause.[53]

In connection with his third federal petition filed on April 8, 1996, the Court dismissed some of Davis's claims as repetitive of those raised in the 1991 petition.[54]  The Court further dismissed without prejudice the remainder of his claims to allow Davis to seek leave from the Fifth Circuit to file a second or successive petition under 28 U.S.C. § 2244(b)(1).

The record reflects that Davis's second petition, in 1991, was dismissed with prejudice after review of the claims raised therein.  Both of these petitions were addressed <u>prior</u> to Davis's out-of-time appeal.  His third petition, filed in 1996 after the out-of-time appeal, was addressed under the newly passed standards of the AEDPA and dismissed in part as repetitive and in part for lack of jurisdiction.

Since that time, the Supreme Court issued its opinion in *Jiminez  v. Quarterman*, 129 S. Ct. at 681, addressing the effect of an out-of-time appeal on the finality of a conviction.  The Supreme Court held that, "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, <u>but before the defendant has first sought federal habeas relief</u>, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." (emphasis added) *Jimenez*, 129 S.Ct. at 686 (emphasis added).  In this case, there is no question that Davis sought and obtained federal review <u>prior</u> to the resolution of his out-of-time appeal.  His 1991 federal petition was filed and resolved before that time.

---

[53]Civ. Action No. 91-3268"J"(4), Rec. Doc. Nos. 8, 14, 15.

[54]Civ. Action No. 96-1149"J"(4), Rec. Doc. Nos. 9, 10.

The Supreme Court limited the *Jiminez* rule, and that limitation renders Davis's 2008 federal petition to be a prohibited second or successive petition. *Accord Thompson v. United States*, No. 09CV410, 2010 WL 3782028, at *2 (E.D. Tex. Aug. 23, 2010) (as applied to a second or successive § 2255 motion). Davis has not obtained authorization from the United States Fifth Circuit Court of Appeals to file this successive petition. This Court is without authority to consider the instant petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir.1997) (setting forth procedures which must be followed to request authorization to file a successive § 2254 petition). The petition must be dismissed for want of jurisdiction.

## VI.   Statute of Limitations

Alternatively, Davis's petition can be dismissed as untimely filed. The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[55] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). For the reasons cited above, for purposes of the AEDPA, it is likely that Davis's conviction became final after his first direct appeal, on January 30, 1989, when he did not pursue timely review of the appellate court's opinion. Even if the Court were to apply *Jiminez*, to resolve that the conviction was final after the out-of-time appeal, it would have

---

[55]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

been final on September 28, 1995, which was 90 days after the Louisiana Supreme Court denied his request for rehearing.[56]  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S.Ct. Rule 13(1).

In either case, Davis's conviction was final prior to the effective date of the AEDPA. However, the Fifth Circuit has granted habeas petitioners one year after the effective date of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255. *Flanagan*, 154 F.3d at 200; *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir.1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999).

The Court in " Flores concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." *Flanagan*, 154 F.3d at 200 (citing *Flores*, 135 F.3d at 1004-05).  "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996, effective date of AEDPA in which to file a § 2254 petition for collateral relief." *Id*. (citing *Flores*, 135 F.3d at 1005).

Because Davis's conviction became final before AEDPA's effective date, he was required to file the instant federal habeas petition no later than April 24, 1997.  Davis is deemed to have filed this petition on July 18, 2008, over eleven years after the allowable grace period expired, and it must be dismissed as untimely, unless the one-year statute of limitations grace period was interrupted or otherwise tolled in either of the two ways recognized in the applicable law.

---

[56]The Court notes that Davis would be given the benefit of the doubt that his Louisiana Supreme Court writ application and the request for rehearing were timely filed and thus made part of his finality calculation.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n. 4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or

claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies, like those filed by this petitioner, are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *Cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In this case, the AEDPA filing period began to run on April 25, 1996, the day after the AEDPA went into effect. Davis had nothing pending in the state courts on this conviction at that time. The filing period ran for 78 days, until July 12, 1996, when the claims to have submitted an application for post-conviction relief to the state trial court. The application remained pending until resolution of the related writ application by the Louisiana Supreme Court on January 9, 1998.

The filing period began to run again on January 10, 1998, and did so uninterrupted for the remaining 287 days, until October 23, 1998, when it expired. Davis did not have any properly filed

state post-conviction or other collateral review pending during this period. His next such filing was the application for post-conviction relief he claimed to have submitted to the state trial court on January 12, 1999. This was after the AEDPA grace filing period expired which does not afford him any additional tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). His federal petition is untimely filed.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). In this case, Davis has not provided, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling.[57]

---

[57]Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland*, 130 S. Ct. at 2564-65 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Furthermore, it is well settled that Davis's 1996 federal habeas corpus petition also would not afford him the benefit of any tolling under the AEDPA, since it was not a state proceeding. *Duncan v. Walker*, 533 U.S. 167 (2001) (application for federal habeas review is not an "application for state post-conviction or other collateral review," within meaning of tolling provision of the AEDPA); *see also*, *Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999) (limitations period of the AEDPA not tolled during pendency of a prior federal habeas petition).

Davis's federal petition is deemed filed on July 3, 2008, which was 12 years, 10 months, and 16 days after the AEDPA filing period which is considered to have expired on Thursday, August 16, 1996. The Court notes further that this is Davis' second or successive application. To the extent that the second appeal would have provided grounds for a successive application, this petition is not properly before the Court because Davis did not seek authorization from the Court of Appeals. Even if the Court of Appeals authorized the petition, it is time barred.[58] Because of the limitations finding, the Court does not reach the procedural default bar analysis. Therefore, Davis's federal petition must be dismissed as untimely filed.

## VII.   <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Lionell J. Davis's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED** for want of jurisdiction.    Alternatively, the petition should be **DISMISSED WITH PREJUDICE** as time-barred.

---

[58]See 28 U.S.C. § 2244(b)(3)(A) ( "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[59]

New Orleans, Louisiana, this 26th day of January, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[59]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.